# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julius Lee Jackson, | No. CV 1-08-1406-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| State of California, et al., | |
| Defendants. | |

Plaintiff Julius Lee Jackson, who is confined in the Salinas Valley State Prison in Soledad, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a January 21, 2009 Order, the Court dismissed Plaintiff's Complaint because he had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 17, 2009, Plaintiff filed a First Amended Complaint (Doc. #10). The Court will dismiss the First Amended Complaint with leave to amend.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1  28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the
2  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
3  before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
4  (*en banc*).

5  The Court should not, however, advise the litigant how to cure the defects. This type
6  of advice "would undermine district judges' role as impartial decisionmakers." Pliler v.
7  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
8  whether the court was required to inform a litigant of deficiencies). Plaintiff's First
9  Amended Complaint will be dismissed for failure to state a claim, with leave to amend
10 because the First Amended Complaint may possibly be saved by amendment.

**II.     First Amended Complaint**

In his two-count First Amended Complaint, Plaintiff sues the following Defendants: High Desert State Prison, Dr. Rinkoff, Mt. Shasta Hospital, and Chestnut Vision, Pelican Bay State Prison, Chief Medical Officer M. Sayre, Dr. Andrew J. Cochrane, North Coast Opthalmology and Medical Associates (North Coast Opthalmology), Dr. Wahiovllah, and Health Care Manager Dwight Winslow.

In Count One, Plaintiff alleges a violation of his Eighth Amendment rights "due to med[ical] malpractice & med[ical] negligence." Plaintiff contends that Defendant Rinkoff removed the lens in Plaintiff's right eye during an eye surgery at Mt. Shasta Hospital. Plaintiff asserts that Defendants Rinkoff, Chestnut Vision, and Mt. Shasta Hospital never informed Plaintiff that the lens would be removed during the surgery. Plaintiff contends that Defendants Rinkoff, Chestnut Vision, and Mt. Shasta Hospital informed Plaintiff that an artificial lens would be implanted in the eye after he had recovered from the surgery, but the implantation surgery never took place and, as a result, Plaintiff suffers from secondary glaucoma. Plaintiff claims that "all named Defend[ants]" refuse to replace the lens and that he "is continually being subjected to cru[el] and unusual punishment by the hands of all named Defend[ants]."

In Count Two, Plaintiff alleges a violation of his Eighth Amendment rights and 42 U.S.C. § 12102. He claims that Defendant High Desert State Prison transferred him to Defendant Pelican Bay State Prison. He claims this was done "[i]n direct retaliation." He claims the transfer violated the Eighth Amendment because he is a "member of the Americans with Disabilities Act [(ADA)]" and Defendant Pelican Bay State Prison is not an "ADA Prison." Plaintiff asserts that Defendants Wahiovllah, Winslow, and Pelican Bay State Prison "unlawfully took Plaintiff off of ADA[,] plac[]ing Plaintiff[']s life in danger," that they did so "in direct retaliation by all named Defend[ants]" and that this was done "to stop Plaintiff from receiv[]ing the removed right lens." Plaintiff also contends that Defendants Cochrane and North Coast Opthamology refused to give Plaintiff the lens replacement "to save taxpayers' money." He asserts that Defendant Sayre told "lies" because he said that Plaintiff was agitated and refused to have a calm discussion and that Defendant Sayre told these "lies" to "intent[ionally] refuse [Plaintiff] the lens implant."

Plaintiff seeks a jury trial, monetary damages, and his costs.

## III. Failure to State a Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed.

### A. Count One

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show

that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. **"Neither negligence nor gross negligence will constitute deliberate indifference."** Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002) (emphasis added); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

1 Plaintiff's assertions against Defendants Rinkoff, Chestnut Vision, and Mt. Shasta Hospital do not state a claim of deliberate indifference and his claim that "all named Defend[ants]" refuse to replace his right eye lens is vague and conclusory and does not link his injury to specific conduct by a specific defendant. Therefore, Plaintiff has failed to state a claim in Count One.

### B. Count Two

Plaintiff's claims of "direct retaliation" are vague, conclusory, and insufficient to state a claim. A viable claim of First Amendment retaliation has five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest").

Plaintiff's allegation that Defendants Wahiovllah, Winslow, and Pelican Bay State Prison "took Plaintiff off ADA" is unclear. To state an ADA claim, a plaintiff must demonstrate that he:

> (1) is a handicapped person; (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.

Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

Plaintiff's statement that Defendants Cochrane and North Coast Opthamology refused to give Plaintiff the lens replacement "to save taxpayers' money" is conclusory. It is unclear whether there is a medical need for the surgery or whether there is simply a difference of opinion between Plaintiff and Defendants regarding the need for the procedure. See Sanchez, 891 F.2d at 242.

1  Finally, Plaintiff fails to explain how Defendant Sayre saying Plaintiff was agitated
2  or refused to have a calm discussion constitutes deliberate indifference.

3  Thus, the Court will dismiss Count Two.

**IV.  Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the original Complaint or First Amended Complaint by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff is advised that the instructions require him to provide information regarding the Court's jurisdiction, provide information about the defendants, and divide his lawsuit into separate counts. In each count, Plaintiff must identify what federal constitutional civil right was violated, identify the issue most closely involved in that count, **state which defendants violated that right and what those defendants did to violate that right**, explain how Plaintiff was injured by the alleged violation of the constitutional right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

A second amended complaint supersedes the original Complaint and the First Amended Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach

Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and the First Amended Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or the First Amended Complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## V.  Warnings

### A.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.  Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.  Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. #10) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 23rd day of March, 2009.

_____
Neil V. Wake
United States District Judge