MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Julius Lee Jackson,  )  No. CV 1-08-1406-NVW
            )
    Plaintiff,  )  **ORDER**
            )
vs.  )
            )
State of California, et al.,  )
            )
    Defendants.  )
            )

**I.  Background**

Plaintiff Julius Lee Jackson, who is confined in the Salinas Valley State Prison in Soledad, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a January 21, 2009 Order, the Court dismissed Plaintiff's Complaint because he had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 17, 2009, Plaintiff filed a First Amended Complaint. In a March 24, 2009 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim and gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 20, 2009, Plaintiff filed a Second Amended Complaint (Doc. #13). He also filed an "Instant Motion to Disqualify District Judge for Bias and Prejudice Per CCP 170 [etc.] and Change of Venue." In a April 21, 2009 Order, the Court denied the April 20th

Motion to Disqualify. On April 30, 2009, Plaintiff filed a second "Instant Motion to Disqualify District Judge for Bias and Prejudice Per CCP 170 [etc.] and Change of Venue" and filed a Notice of Appeal of the Court's April 21st Order denying the Motion to Disqualify. In a May 1, 2009 Order, the Court denied the second Motion to Disqualify.

**II. Jurisdiction**

Although the filing of a notice of appeal generally divests the district court of jurisdiction over those aspects of the case involved in the appeal, the district court's jurisdiction is not affected when a litigant files a notice of appeal from an unappealable order. Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007). In such a case, the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." Ruby v. Secretary of the United States Navy, 365 F.2d 385, 389 (9th Cir. 1966).

The Court's April 21, 2009 Order denying Plaintiff's first Motion to Disqualify is not an appealable final order under 28 U.S.C. § 1291, the Order is not an interlocutory order generally appealable under 28 U.S.C. § 1292(a), and the Court did not provide the statement necessary to make the Order an interlocutory order appealable under 28 U.S.C. § 1292(b). See United States v. Washington, 573 F.2d 1121, 1122 (9th Cir. 1978) (denial of a motion to disqualify is not a final order). Thus, Plaintiff's April 30th Notice of Appeal refers to a non-appealable interlocutory order and, therefore, Plaintiff's Notice of Appeal did not divest the Court of jurisdiction.

**III. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

### IV.  Second Amended Complaint

In his Second Amended Complaint, Plaintiff simply re-attached his First Amended Complaint to a new form. His allegations are identical and, therefore, suffer from the same deficiencies identified in the Court's March 24, 2009 Order. Thus, the Court will dismiss the Second Amended Complaint for failure to state a claim.

### V.  Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff's decision to file a second amended complaint identical to his first amended complaint demonstrates that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED:**

    (1)    Plaintiff's Second Amended Complaint (Doc. #13) is **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

    (2)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 11th day of May, 2009.

_____
Neil V. Wake
United States District Judge